RUSS, AUGUST & KABAT
Marc A. Fenster, SBN 181067
Email: mfenster@raklaw.com
Reza Mirzaie (CA SBN 246953)
Email: rmirzaie@raklaw.com
Brian D. Ledahl (CA SBN 186579)
Email: bledahl@raklaw.com
Paul Kroeger (CA SBN 229074)
Email: pkroeger@raklaw.com
C. Jay Chung (CA SBN 252794)
Email: jchung@raklaw.com
Philip X. Wang (CA SBN 262239)
Email: pwang@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

*Attorneys for Plaintiff*
*Data Scape Limited*

RUSS, AUGUST & KABAT

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| DATA SCAPE LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>WESTERN DIGITAL CORPORATION, WESTERN DIGITAL TECHNOLOGIES, INC.,<br><br>Defendants. | Case No. 8:18-cv-02285<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

1

**PARTIES**

1.  Data Scape Limited ("Data Scape" or "Plaintiff") is a company organized under the laws of Ireland with its office located at Office 115, 4-5 Burton Hall Road, Sandyford, Dublin 18, Ireland.

2.  On information and belief, Western Digital Corporation is a Delaware corporation with a place of business at 3355 Michelson Drive, Suite 100, Irvine, California 92612.

3.  On information and belief, Western Digital Technologies, Inc. is a Delaware corporation with a place of business at 3355 Michelson Drive, Suite 100, Irvine, California 92612. Western Digital Technologies, Inc. and Western Digital Corporation are collectively referred to as "Defendants" or "Western Digital."

**JURISDICTION AND VENUE**

4.  This Court has personal jurisdiction over each Defendant in this action because each Defendant resides in the Central District of California and has committed acts within this district giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.  Each Defendant, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, offering to sell and selling products and/or services that infringe the asserted patents.

5.  Venue is proper in this district under 28 U.S.C. § 1400(b). Each Defendant has transacted business in this district and has committed acts of direct and indirect infringement in this district. Each Defendant has a regular and established place of business in this District, including, e.g., its headquarters and principal place of business.

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,386,581

6. Plaintiff realleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

7. Data Scape is the owner by assignment of United States Patent No. 8,386,581 ("the '581 Patent"), entitled "Communication System And Its Method and Communication Apparatus And Its Method." The '581 Patent was duly and legally issued by the United States Patent and Trademark Office on February 26, 2013. A true and correct copy of the '581 Patent is included as Exhibit A.

8. Each Defendant has offered for sale, sold and/or imported into the United States products and services that infringe the '581 patent, and continues to do so. By way of illustrative example, these infringing products and services include, without limitation, Defendant's products and services, *e.g.*, My Cloud series devices, WD SmartWare software, WD Sync software, WD Backup software, and all versions and variations thereof since the issuance of the '581 Patent ("Accused Instrumentalities").

9. Each Defendant has directly infringed and continues to infringe the '581 Patent, for example, by making, selling, offering for sale, and/or importing the Accused Instrumentalities, and through its own use and testing of the Accused Instrumentalities. Each Defendant uses the Accused Instrumentalities for its own internal non-testing business purposes, while testing the Accused Instrumentalities, and while providing technical support and repair services for the Accused Instrumentalities to its customers.

10. For example, the Accused Instrumentalities infringe Claim 1(and other claims) of the '581 Patent. One non-limiting example of the Accused Instrumentalities' infringement is presented below:

11. The Accused Instrumentalities include "[a] communication apparatus." For example, the Accused Instrumentalities communicate data stored on one device

3

COMPLAINT

RUSS, AUGUST & KABAT

(e.g. a My Cloud server or a computer) to another device (e.g. a computer, a USB device, a cloud backup service, or a connected My Cloud server). *See, e.g.*, https://support.wdc.com/knowledgebase/answer.aspx?ID=11395 ("WD Sync allows files to be synchronized across multiple computers connected to a My Cloud."); https://www.wd.com/products/personal-cloud-storage/my-cloud.html ("YOUR OWN PERSONAL CLOUD: With the My Cloud personal storage device, you're able to have reliable storage in one place for your photos, videos, important files – anything you save – and share it anywhere you have an internet connection. With the automatic backup and synchronization software, your content is up to date and accessible from all your devices.").

12.    The Accused Instrumentalities include "a storage unit configured to store content data to a storage medium." For example, each My Cloud device includes one or more hard disk for storing content data. *See, e.g.*, https://www.wd.com/products/personal-cloud-storage/my-cloud.html ("Everything in One Place: Centralize, organize and back up all your photos, videos and files in one reliable place. *** Capacity: 3TB, 4TB, 6TB, 8TB"); https://www.wd.com/products/network-attached-storage/my-cloud-expert-series-ex2-ultra.html ("My Cloud EX2 Ultra comes pre-configured with WD Red hard drives, specifically built for NAS systems to provide improved performance within 24x7 environments."); WD MyCloud User Manual 4779-705140 ("USB Backup— Allows you to back up your WD My Cloud device data to a USB device or to backup your USB device data to your WD My Cloud device.; Remote Backup—Allows you to backup WD My Cloud device data to another WD My Cloud device; Cloud Backup—Allows you to backup WD My Cloud device data to an external cloud backup service.").

13.    The Accused Instrumentalities further include "a communication unit configured to communicate with an external apparatus." For example, each My Cloud device includes hardware and software to communicate with computers,

COMPLAINT

mobile devices, and other external apparatuses over LAN or Internet connections. *See, e.g.*, https://www.wd.com/products/personal-cloud-storage/my-cloud.html ("Access Anywhere: Access and share all your favorite photos and videos using your computer, tablet and smartphone from anywhere you have an Internet connection. *** Interface: Gigabit Ethernet").

14.     The Accused Instrumentalities further include "a controller configured to edit a list so that content data is registered in the list." For example, the My Cloud device includes a software or hardware controller that registers a list of content to be transferred to an external apparatus, including without limitation listing selected or updated files for backup or synchronization. *See, e.g.*, WD MyCloud User Manual 4779-705140 ("Enter the following information to create a Remote backup job: *** Source Folder"; "From the drop-down menu, select the type of [Amazon S3 Cloud] backup you'd like to perform. Options include: *** • Full Backup: Creates a separate folder containing all of the backup data each time the backup is performed. • Incremental Backup: Overwrites files with source files that are newer then the target files."); https://support.wdc.com/knowledgebase/answer.aspx?ID=16780&lang=en ("WD Sync allows files to be copied from a computer onto a My Cloud Network Attached Storage device. Adding, deleting or modifying files in one location will

RUSS, AUGUST & KABAT

COMPLAINT

lead to the same changes being applied to the other locations.");
https://support.wdc.com/knowledgebase/answer.aspx?ID=11395:



15. The Accused Instrumentalities further include a controller configured "to uniquely associate the list with the external apparatus using a unique identification of the external apparatus." For example, because each external apparatus may require backup or synchronization of a different set of data (including, *e.g.*, different configuration of backup/synchronization targets, or different current data on the external apparatus leading to different data needing to be transferred), the external apparatus is uniquely identified with an associated list. *See, e.g.*, WD MyCloud User Manual 4779-705140 ("Enter the following information to create a Remote backup job: *** Source Folder"; "From the drop-down menu, select the type of [Amazon S3 Cloud] backup you'd like to perform. Options include: *** • Full Backup: Creates a separate folder containing all of the backup data each time the backup is performed. • Incremental Backup: Overwrites

1  files with source files that are newer then the target files.");

2  https://support.wdc.com/knowledgebase/answer.aspx?ID=11395:



16.    The Accused Instrumentalities further include a controller configured "to extract the list associated with the external apparatus from a plurality of lists in the communication apparatus when the external apparatus is connected to the communication apparatus, and to control transferring of content data registered in the extracted list to the external apparatus." For example, when the My Cloud server is connected to a WD Sync client, the server transfers all  changes to the client; likewise, the My Cloud server automatically transfers backup data to configured backup targets. *See, e.g.*, My Cloud User Manual 4779-705147 ("After that, the WD Sync software automatically updates any changes to the file, at any location, on the

other                                  configured                                devices.");

https://support.wdc.com/knowledgebase/answer.aspx?ID=10428:

10. Turning the *Auto Update* On will provide a user with the option to decide how often to update the device's backup.
It can be done Daily, Weekly and Monthly. When ready to proceed, click on *Next*.



17.     Each Defendant has had knowledge of the '581 Patent and its infringement since at least the filing of the original Complaint in this action, or shortly thereafter, including by way of this lawsuit. By the time of trial, each Defendant will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of the claims of the '581 Patent.

18.     Each Defendant's affirmative acts of making, using, selling, offering for sale, and/or importing the Accused Instrumentalities have induced and continue to induce users of the Accused Instrumentalities to use the Accused Instrumentalities in their normal and customary way to infringe the claims of the '581 Patent. Use of the Accused Instrumentalities in their ordinary and customary fashion results in infringement of the claims of the '581 Patent.

19.     For example, each Defendant explains to customers the benefits of using the Accused Instrumentalities, such as by touting their advantages of data backup or synchronization using the accused functionalities. Each Defendant also

COMPLAINT

RUSS, AUGUST & KABAT

induces its customers to use the Accused Instrumentalities to infringe other claims of the '581 Patent. Each Defendant specifically intended and was aware that the normal and customary use of the Accused Instrumentalities on compatible systems would infringe the '581 Patent. Each Defendant performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '581 Patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.  On information and belief, each Defendant  engaged in such inducement to promote the sales of the Accused Instrumentalities, *e.g.,* through its user manuals, product support, marketing materials, demonstrations, installation support, and training materials to actively induce the users of the accused products to infringe the '581 Patent.  Accordingly, each Defendant has induced and continues to induce end users of the accused products to use the accused products in their ordinary and customary way with compatible systems to make and/or use systems infringing the '581 Patent, knowing that such use of the Accused Instrumentalities with compatible systems will result in infringement of the '581 Patent. For example, in the case of diskless My Cloud products, each Defendant induces end users to add one or more hard drives in order to make the product operable. Accordingly, each Defendant has been (since at least as of filing of the original complaint), and currently is, inducing infringement of the '581 Patent, in violation of 35 U.S.C. § 271(b).

20.    Each Defendant has also infringed, and continues to infringe, claims of the '581 Patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Instrumentalities, which are used in practicing the process, or using the systems, of the '581 Patent, and constitute a material part of the invention.  Each Defendant knows the components in the Accused Instrumentalities to be especially made or especially adapted for use in infringement of the '581 Patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. For example, the ordinary way

9

of using the Accused Instrumentalities infringes the patent claims, and as such, is especially adapted for use in infringement. For another example, in the case of diskless My Cloud products, each end users must add one or more hard drives in order to make the product operable. Accordingly, each Defendant has been, and currently is, contributorily infringing the '581 Patent, in violation of 35 U.S.C. § 271(c).

21. For similar reasons, each Defendant also infringes the '581 Patent by supplying or causing to be supplied in or from the United States all or a substantial portion of the components of the Accused Instrumentalities, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the '581 Patent if such combination occurred within the United States. For example, each Defendant supplies or causes to be supplied in or from the United States all or a substantial portion of the hardware (e.g., My Cloud devices) and software (e.g., WD Backup, WD Sync, WD SmartWare) components of the Accused Instrumentalities in such a manner as to actively induce the combination of such components (e.g., by instructing users to combine multiple My Cloud devices into an infringing system) outside of the United States.

22. Each Defendant also indirectly infringes the '581 Patent by supplying or causing to be supplied in or from the United States components of the Accused Instrumentalities that are especially made or especially adapted for use in infringing the '581 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use, and where such components are uncombined in whole or in part, knowing that such components are so made or adapted and intending that such components are combined outside of the United States in a manner that would infringe the '581 Patent if such combination occurred within the United States. Because the Accused Instrumentalities are designed to operate as the claimed system and apparatus, the Accused Instrumentalities have no substantial

10

non-infringing uses, and any other uses would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental. For example, each Defendant supplies or causes to be supplied in or from the United States all or a substantial portion of the hardware (e.g., separate My Cloud devices) and software (e.g., WD Backup, WD Sync, WD SmartWare) components that are especially made or especially adapted for use in the Accused Instrumentalities, where such hardware and software components are not staple articles or commodities of commerce suitable for substantial noninfringing use, knowing that such components are so made or adapted and intending that such components are combined outside of the United States, as evidenced by each Defendant's own actions or instructions to users in, e.g., combining multiple My Cloud devices into infringing systems, and enabling and configuring the infringing functionalities of the Accused Instrumentalities.

23.    As a result of Defendant's infringement of the '581 Patent, Plaintiff Data Scape is entitled to monetary damages in an amount adequate to compensate for each Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by each Defendant, together with interest and costs as fixed by the Court.

**COUNT II**

**INFRINGEMENT OF U.S. PATENT NO. 7,720,929**

24.    Plaintiff realleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

25.    Data Scape is the owner by assignment of United States Patent No. 7,720,929 ("the '929 Patent"), entitled "Communication System And Its Method and Communication Apparatus And Its Method." The '929 Patent was duly and legally issued by the United States Patent and Trademark Office on May 18, 2010. A true and correct copy of the '929 Patent is included as Exhibit B.

26.    Each Defendant has offered for sale, sold and/or imported into the United States products and services that infringe the '929 patent, and continues to

do so.  By way of illustrative example, these infringing products and services include, without limitation, Defendant's products and services, *e.g.*, My Cloud devices, WD SmartWare software, WD Sync software, and all versions and variations thereof since the issuance of the '929 Patent ("Accused Instrumentalities").

27.    Each Defendant has directly infringed and continues to infringe the '929 Patent, for example, by making, selling, offering for sale, and/or importing the Accused Instrumentalities, and through its own use and testing of the Accused Instrumentalities. Each Defendant uses the Accused Instrumentalities for its own internal non-testing business purposes, while testing the Accused Instrumentalities, and while providing technical support and repair services for the Accused Instrumentalities to its customers.

28.    For example, the Accused Instrumentalities infringe Claim 1 (and other claims) of the '929 Patent. One non-limiting example of the Accused Instrumentalities' infringement is presented below:

29.    The Accused Instrumentalities include "[a] communication system including a first apparatus having a first storage medium, and a second apparatus." For example, the Accused Instrumentalities include a communications system to transfer data stored on a storage medium on a second apparatus (e.g. a My Cloud server or a computer) to a first apparatus with a storage medium (e.g. a computer, a USB device, a cloud backup service, or a connected My Cloud server). *See, e.g.*, https://support.wdc.com/knowledgebase/answer.aspx?ID=11395    ("WD    Sync allows files to be synchronized across multiple computers connected to a My Cloud.");    https://www.wd.com/products/personal-cloud-storage/my-cloud.html ("YOUR OWN PERSONAL CLOUD: With the My Cloud personal storage device, you're able to have reliable storage in one place for your photos, videos, important files – anything you save – and share it anywhere you have an internet connection. With the automatic backup and synchronization software, your content is up to date and accessible from all your devices."); WD My Cloud User Manual 4779-705140

12

1  ("Remote Backups: This option allows you to back up your WD My Cloud device
2  to another WD My Cloud device.").

3         30.    The Accused Instrumentalities include a second apparatus comprising:
4  "a second storage medium configured to store management information of data to
5  be transferred to said first storage medium." For example, each My Cloud device
6  includes one or more hard disk for management data, including identification of files
7  configured for backup or synchronization, and identification of changes since the
8  last backup or synchronization. *See, e.g.*, https://www.wd.com/products/personal-
9  cloud-storage/my-cloud.html ("Everything in One Place: Centralize, organize and
10  back up all your photos, videos and files in one reliable place. *** Capacity: 3TB,
11  4TB, 6TB, 8TB"); https://www.wd.com/products/network-attached-storage/my-
12  cloud-expert-series-ex2-ultra.html ("My Cloud EX2 Ultra comes pre-configured
13  with WD Red hard drives, specifically built for NAS systems to provide improved
14  performance within 24x7 environments."); WD MyCloud User Manual 4779-
15  705140 ("USB Backup—Allows you to back up your WD My Cloud device data to
16  a USB device or to backup your USB device data to your WD My Cloud device.;
17  Remote Backup—Allows you to backup WD My Cloud device data to another WD
18  My Cloud device; Cloud Backup—Allows you to backup WD My Cloud device data
19  to an external cloud backup service."); My Cloud User Manual 4779-705103 ("Auto
20  updates help keep your safepoint up to date with the content on your WD My Cloud
21  device by copying changes since the last update."); WD MyCloud User Manual
22  4779-705140 ("Enter the following information to create a Remote backup job: ***
23  Source Folder"; "From the drop-down menu, select the type of [Amazon S3 Cloud]
24  backup you'd like to perform. Options include: *** • Full Backup: Creates a separate
25  folder containing all of the backup data each time the backup is performed. •
26  Incremental Backup: Overwrites files with source files that are newer then the target
27  files."); https://support.wdc.com/knowledgebase/answer.aspx?ID=16780&lang=en
28  ("WD Sync allows files to be copied from a computer onto a My Cloud Network

13

RUSS, AUGUST & KABAT

Attached Storage device. Adding, deleting or modifying files in one location will lead to the same changes being applied to the other locations.");

https://support.wdc.com/knowledgebase/answer.aspx?ID=11395:



https://support.wdc.com/knowledgebase/answer.aspx?ID=11807:



COMPLAINT

Russ, August & Kabat

31.     The Accused Instrumentalities further include a second apparatus comprising "a communicator configured to communicate with said first apparatus." For example, each My Cloud device includes hardware and software to communicate with computers, mobile devices, and other external apparatuses over LAN or Internet connections. *See, e.g.*, https://www.wd.com/products/personal-cloud-storage/my-cloud.html ("Access Anywhere: Access and share all your favorite photos and videos using your computer, tablet and smartphone from anywhere you have an Internet connection. *** Interface: Gigabit Ethernet").

32.     The Accused Instrumentalities further include a second apparatus comprising "a detector configured to detect whether said first apparatus and a second apparatus are connected." For example, the My Cloud device detects whether the sync or backup target is connected before beginning a sync or backup operation. *See, e.g.* https://support.wdc.com/knowledgebase/answer.aspx?ID=11395 ("WD Sync allows files to be synchronized across multiple computers connected to a My Cloud.");

https://support.wdc.com/knowledgebase/answer.aspx?ID=17824&lang=en

("Remote Access and Network connection failures can occur for many reasons: ISP or Router blocking UDP/TCP ports; Router does not support UPnP or UPnP is disabled; Domain Name Resolution issues");

https://support.wdc.com/knowledgebase/answer.aspx?ID=10428:

COMPLAINT

10. Turning the *Auto Update* On will provide a user with the option to decide how often to update the device's backup.
It can be done Daily, Weekly and Monthly. When ready to proceed, click on *Next*.



33.     The Accused Instrumentalities further include a second apparatus comprising "an editor configured to select certain data to be transferred and to edit said management information based on said selection without regard to the connection of said first apparatus." For example, a user can choose which files or folders will be transferred to another device, e.g. which files will be synced or backed up. *See, e.g.*, https://support.wdc.com/knowledgebase/answer.aspx?ID=16780&lang=en ("WD Sync allows files to be copied from a computer onto a My Cloud Network Attached Storage device. Adding, deleting or modifying files in one location will lead to the

same    changes    being    applied    to    the    other    locations.");

https://support.wdc.com/knowledgebase/answer.aspx?ID=11395:



https://support.wdc.com/knowledgebase/answer.aspx?ID=11807:



34.     The Accused Instrumentalities further include a second apparatus comprising "a controller configured to control transfer of the selected data stored in

17

said second apparatus to said first apparatus via said communicator based on said management information edited by said editor when said detector detects that said first apparatus and said second apparatus are connected." For example, when the My Cloud server is connected to a WD Sync client, the server transfers all changes to the client; likewise, the My Cloud server automatically transfers backup data to configured backup targets. *See, e.g.*, My Cloud User Manual 4779-705147 ("After that, the WD Sync software automatically updates any changes to the file, at any location, on the other configured devices.");

https://support.wdc.com/knowledgebase/answer.aspx?ID=10428:



35.    The Accused Instrumentalities further include a second apparatus "wherein said controller is configured to compare said management information edited by said editor with management information of data stored in said first storage medium and to transmit data in said second apparatus based on result of the comparison." For example, the My Cloud system identifies files that are not present on the remote system because they have been changed or updated locally. *See, e.g.*, My Cloud User Manual 4779-705103 ("Auto updates help keep your safepoint up

1   to date with the content on your WD My Cloud device by copying changes since the

2   last update.").

3        36.   Each Defendant has had knowledge of the '929 Patent and its

4   infringement since at least the filing of the original Complaint in this action, or

5   shortly thereafter, including by way of this lawsuit. By the time of trial, each

6   Defendant will have known and intended (since receiving such notice) that its

7   continued actions would actively induce and contribute to the infringement of the

8   claims of the '929 Patent.

9        37.   Each Defendant's affirmative acts of making, using, selling, offering

10  for sale, and/or importing the Accused Instrumentalities have induced and continue

11  to induce users of the Accused Instrumentalities to use the Accused Instrumentalities

12  in their normal and customary way to infringe the claims of the '929 Patent. Use of

13  the Accused Instrumentalities in their ordinary and customary fashion results in

14  infringement of the claims of the '929 Patent.

15       38.   For example, each Defendant explains to customers the benefits of

16  using the Accused Instrumentalities, such as by touting their advantages of data

17  backup or synchronization using the accused functionalities. Each Defendant also

18  induces its customers to use the Accused Instrumentalities to infringe other claims

19  of the '929 Patent. Each Defendant specifically intended and was aware that the

20  normal and customary use of the Accused Instrumentalities on compatible systems

21  would infringe the '929 Patent. Each Defendant performed the acts that constitute

22  induced infringement, and would induce actual infringement, with the knowledge of

23  the '929 Patent and with the knowledge, or willful blindness to the probability, that

24  the induced acts would constitute infringement.  On information and belief, each

25  Defendant  engaged in such inducement to promote the sales of the Accused

26  Instrumentalities, *e.g.,* through its user manuals, product support, marketing

27  materials, demonstrations, installation support, and training materials to actively

28  induce the users of the accused products to infringe the '929 Patent.  Accordingly,

RUSS, AUGUST & KABAT

each Defendant has induced and continues to induce end users of the accused products to use the accused products in their ordinary and customary way with compatible systems to make and/or use systems infringing the '929 Patent, knowing that such use of the Accused Instrumentalities with compatible systems will result in infringement of the '929 Patent. For example, in the case of diskless My Cloud products, each Defendant induces end users to add one or more hard drives in order to make the product operable. Accordingly, each Defendant has been (since at least as of filing of the original complaint), and currently is, inducing infringement of the '929 Patent, in violation of 35 U.S.C. § 271(b).

39.   Each Defendant has also infringed, and continues to infringe, claims of the '929 Patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Instrumentalities, which are used in practicing the process, or using the systems, of the '929 Patent, and constitute a material part of the invention.  Defendant knows the components in the Accused Instrumentalities to be especially made or especially adapted for use in infringement of the '929 Patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. For example, the ordinary way of using the Accused Instrumentalities infringes the patent claims, and as such, is especially adapted for use in infringement. For another example, in the case of diskless My Cloud products, each end users must add one or more hard drives in order to make the product operable. Accordingly, each Defendant has been, and currently is, contributorily infringing the '929 Patent, in violation of 35 U.S.C. § 271(c).

40.   For similar reasons, each Defendant also infringes the '929 Patent by supplying or causing to be supplied in or from the United States all or a substantial portion of the components of the Accused Instrumentalities, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the '929 Patent if such combination occurred within the United States. For

example, each Defendant supplies or causes to be supplied in or from the United States all or a substantial portion of the hardware (e.g., My Cloud devices) and software (e.g., WD Backup, WD Sync, WD SmartWare) components of the Accused Instrumentalities in such a manner as to actively induce the combination of such components (e.g., by instructing users to combine multiple My Cloud devices into an infringing system) outside of the United States.

41.    Each Defendant also indirectly infringes the '929 Patent by supplying or causing to be supplied in or from the United States components of the Accused Instrumentalities that are especially made or especially adapted for use in infringing the '929 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use, and where such components are uncombined in whole or in part, knowing that such components are so made or adapted and intending that such components are combined outside of the United States in a manner that would infringe the '929 Patent if such combination occurred within the United States. Because the Accused Instrumentalities are designed to operate as the claimed system and apparatus, the Accused Instrumentalities have no substantial non-infringing uses, and any other uses would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental. For example, each Defendant supplies or causes to be supplied in or from the United States all or a substantial portion of the hardware (e.g., separate My Cloud devices) and software (e.g., WD Backup, WD Sync, WD SmartWare) components that are especially made or especially adapted for use in the Accused Instrumentalities, where such hardware and software components are not staple articles or commodities of commerce suitable for substantial noninfringing use, knowing that such components are so made or adapted and intending that such components are combined outside of the United States, as evidenced by each Defendant's own actions or instructions to users in, e.g., combining multiple My Cloud devices into infringing systems, and enabling and configuring the infringing functionalities of the Accused Instrumentalities.

42.    As a result of Defendant's infringement of the '929 Patent, Plaintiff Data Scape is entitled to monetary damages in an amount adequate to compensate for each Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by each Defendant, together with interest and costs as fixed by the Court.

**COUNT III**

**INFRINGEMENT OF U.S. PATENT NO. 7,617,537**

43.    Plaintiff realleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

44.    Data Scape is the owner by assignment of United States Patent No. 7,617,537 ("the '537 Patent"), entitled "Communication System And Its Method and Communication Apparatus And Its Method." The '537 Patent was duly and legally issued by the United States Patent and Trademark Office on November 10, 2009. A true and correct copy of the '537 Patent is included as Exhibit C.

45.    Each Defendant has offered for sale, sold and/or imported into the United States products and services that infringe the '537 patent, and continues to do so.  By way of illustrative example, these infringing products and services include, without limitation, Defendant's products and services, *e.g.*, My Cloud devices, WD SmartWare software, WD Sync software, and all versions and variations thereof since the issuance of the '537 Patent ("Accused Instrumentalities").

46.    Each Defendant has directly infringed and continues to infringe the '537 Patent, for example, by making, selling, offering for sale, and/or importing the Accused Instrumentalities, and through its own use and testing of the Accused Instrumentalities. Each Defendant uses the Accused Instrumentalities for its own internal non-testing business purposes, while testing the Accused Instrumentalities, and while providing technical support and repair services for the Accused Instrumentalities to its customers.

RUSS, AUGUST & KABAT

47. For example, the Accused Instrumentalities infringe Claim 43 (and other claims) of the '537 Patent. One non-limiting example of the Accused Instrumentalities' infringement is presented below:

48. The Accused Instrumentalities include "[a] computer readable storage medium encoded with computer program instructions executable by a computer to implement a method of transferring content data to a first apparatus from a second apparatus." For example, the Accused Instrumentalities include instructions for transferring content data, as described below.

49. The Accused Instrumentalities include instructions that "judge whether said first apparatus and said second apparatus are connected." For example, the My Cloud device detects whether the sync or backup target is connected before beginning a sync or backup operation. *See, e.g.* https://support.wdc.com/knowledgebase/answer.aspx?ID=11395 ("WD Sync allows files to be synchronized across multiple computers connected to a My Cloud."); https://support.wdc.com/knowledgebase/answer.aspx?ID=17824&lang=en ("Remote Access and Network connection failures can occur for many reasons: ISP or Router blocking UDP/TCP ports; Router does not support UPnP or UPnP is

disabled; Domain Name Resolution issues");

https://support.wdc.com/knowledgebase/answer.aspx?ID=10428:



50.     The Accused Instrumentalities include instructions that "compare, upon judging that said first apparatus and said second apparatus are connected, an identifier of said first apparatus with a corresponding identifier in said second apparatus." For example, because each unique first apparatus may require backup or synchronization of a different set of data (including, *e.g.*, different configuration of backup/synchronization targets, or different current data on the external apparatus leading to different data needing to be transferred), the Accused Instrumentalities must determine a corresponding identifier. *See, e.g.*, WD MyCloud User Manual 4779-705140 ("Enter the following information to create a Remote backup job: *** Source Folder"; "From the drop-down menu, select the type of [Amazon S3 Cloud] backup you'd like to perform. Options include: *** • Full Backup: Creates a separate folder containing all of the backup data each time the backup is performed. •

COMPLAINT

Incremental Backup: Overwrites files with source files that are newer then the target files."); https://support.wdc.com/knowledgebase/answer.aspx?ID=11395:



51.     The Accused Instrumentalities include instructions that "compare, when said identifier of said first apparatus corresponds to said identifier stored in said second apparatus, a first list of content data of said first apparatus and a second list of content data of said second apparatus." For example, the My Cloud device identifies a list of content that has not been previously synced or backed up to the uniquely identified first apparatus. *See*, *e.g.*, https://support.wdc.com/knowledgebase/answer.aspx?ID=16780&lang=en ("WD Sync allows files to be copied from a computer onto a My Cloud Network Attached Storage device. Adding, deleting or modifying files in one location will lead to the same changes being applied to the other locations."); My Cloud User Manual 4779-705103 ("Auto updates help keep your safepoint up to date with the content on your WD My Cloud device by copying changes since the last update."); My Cloud User

RUSS, AUGUST & KABAT

Manual 4779-705147 ("After that, the WD Sync software automatically updates any changes to the file, at any location, on the other configured devices.")

52.    The Accused Instrumentalities include instructions to "transfer first content data, from the second apparatus to the first apparatus, which is registered in said second list and is not registered in said first list." For example, when the My Cloud device is connected to a WD Sync client, the server transfers all changes to the client; likewise, the My Cloud server automatically transfers backup data to configured backup targets that has not previously been transferred. *See, e.g.*, https://support.wdc.com/knowledgebase/answer.aspx?ID=16780&lang=en ("WD Sync allows files to be copied from a computer onto a My Cloud Network Attached Storage device. Adding, deleting or modifying files in one location will lead to the same changes being applied to the other locations."); My Cloud User Manual 4779-705103 ("Auto updates help keep your safepoint up to date with the content on your WD My Cloud device by copying changes since the last update."); My Cloud User Manual 4779-705147 ("After that, the WD Sync software automatically updates any changes to the file, at any location, on the other configured devices."); https://support.wdc.com/knowledgebase/answer.aspx?ID=10428:



10. Turning the *Auto Update* On will provide a user with the option to decide how often to update the device's backup.
It can be done Daily, Weekly and Monthly. When ready to proceed, click on *Next*.

COMPLAINT

53. The Accused Instrumentalities include instructions to "delete second content data, from the first apparatus, which is registered in said first list and is not registered in said second list." For example, the My Cloud device will automatically synchronize deletions. *See, e.g.*,

https://support.wdc.com/knowledgebase/answer.aspx?ID=11395:

> Critical: This folder will now be synchronized with a folder of the same name inside My Cloud storage device. Be aware that data that is deleted on the folder will also be deleted on the My Cloud, while files deleted on the My Cloud WD Sync folder will also be deleted on the computer side as well. This is not a backup software. While the WD Sync does have ways to restore files that have been deleted, caution is advised when deleting data from a synced folder in order to avoid possible data loss.

54. Each Defendant has had knowledge of the '537 Patent and its infringement since at least the filing of the original Complaint in this action, or shortly thereafter, including by way of this lawsuit. By the time of trial, each Defendant will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of the claims of the '537 Patent.

55. Each Defendant's affirmative acts of making, using, selling, offering for sale, and/or importing the Accused Instrumentalities have induced and continue to induce users of the Accused Instrumentalities to use the Accused Instrumentalities in their normal and customary way to infringe the claims of the '537 Patent. Use of the Accused Instrumentalities in their ordinary and customary fashion results in infringement of the claims of the '537 Patent.

56. For example, each Defendant explains to customers the benefits of using the Accused Instrumentalities, such as by touting their advantages of data backup or synchronization using the accused functionalities. Each Defendant also induces its customers to use the Accused Instrumentalities to infringe other claims

RUSS, AUGUST & KABAT

of the '537 Patent. Each Defendant specifically intended and was aware that the normal and customary use of the Accused Instrumentalities on compatible systems would infringe the '537 Patent. Each Defendant performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '537 Patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.  On information and belief, each Defendant  engaged in such inducement to promote the sales of the Accused Instrumentalities, *e.g.,* through its user manuals, product support, marketing materials, demonstrations, installation support, and training materials to actively induce the users of the accused products to infringe the '537 Patent.  Accordingly, each Defendant has induced and continues to induce end users of the accused products to use the accused products in their ordinary and customary way with compatible systems to make and/or use systems infringing the '537 Patent, knowing that such use of the Accused Instrumentalities with compatible systems will result in infringement of the '537 Patent. For example, in the case of diskless My Cloud products, each Defendant induces end users to add one or more hard drives in order to make the product operable. Accordingly, each Defendant has been (since at least as of filing of the original complaint), and currently is, inducing infringement of the '537 Patent, in violation of 35 U.S.C. § 271(b).

57.     Each Defendant has also infringed, and continues to infringe, claims of the '537 Patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Instrumentalities, which are used in practicing the process, or using the systems, of the '537 Patent, and constitute a material part of the invention.  Defendant knows the components in the Accused Instrumentalities to be especially made or especially adapted for use in infringement of the '537 Patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. For example, the ordinary way of using the Accused Instrumentalities infringes the patent claims, and as such, is especially

28

adapted for use in infringement. For another example, in the case of diskless My Cloud products, each end users must add one or more hard drives in order to make the product operable. Accordingly, each Defendant has been, and currently is, contributorily infringing the '537 Patent, in violation of 35 U.S.C. § 271(c).

58.     For similar reasons, each Defendant also infringes the '537 Patent by supplying or causing to be supplied in or from the United States all or a substantial portion of the components of the Accused Instrumentalities, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the '537 Patent if such combination occurred within the United States. For example, each Defendant supplies or causes to be supplied in or from the United States all or a substantial portion of the hardware (e.g., My Cloud devices) and software (e.g., WD Backup, WD Sync, WD SmartWare) components of the Accused Instrumentalities in such a manner as to actively induce the combination of such components (e.g., by instructing users to combine multiple My Cloud devices into an infringing system) outside of the United States.

59.     Each Defendant also indirectly infringes the '537 Patent by supplying or causing to be supplied in or from the United States components of the Accused Instrumentalities that are especially made or especially adapted for use in infringing the '537 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use, and where such components are uncombined in whole or in part, knowing that such components are so made or adapted and intending that such components are combined outside of the United States in a manner that would infringe the '537 Patent if such combination occurred within the United States. Because the Accused Instrumentalities are designed to operate as the claimed system and apparatus, the Accused Instrumentalities have no substantial non-infringing uses, and any other uses would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental. For example, each Defendant

29

supplies or causes to be supplied in or from the United States all or a substantial portion of the hardware (e.g., separate My Cloud devices) and software (e.g., WD Backup, WD Sync, WD SmartWare) components that are especially made or especially adapted for use in the Accused Instrumentalities, where such hardware and software components are not staple articles or commodities of commerce suitable for substantial noninfringing use, knowing that such components are so made or adapted and intending that such components are combined outside of the United States, as evidenced by each Defendant's own actions or instructions to users in, e.g., combining multiple My Cloud devices into infringing systems, and enabling and configuring the infringing functionalities of the Accused Instrumentalities.

60.     As a result of Defendant's infringement of the '537 Patent, Plaintiff Data Scape is entitled to monetary damages in an amount adequate to compensate for each Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by each Defendant, together with interest and costs as fixed by the Court.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 9,715,893

61.     Plaintiff realleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

62.     Data Scape is the owner by assignment of United States Patent No. 9,715,893 ("the '893 Patent"), entitled "Recording Apparatus, Server Apparatus, Recording Method, Program and Storage Medium." The '893 Patent was duly and legally issued by the United States Patent and Trademark Office on July 25, 2017. A true and correct copy of the '893 Patent is included as Exhibit D.

63.     Each Defendant has offered for sale, sold and/or imported into the United States products and services that infringe the '893 patent, and continues to do so.  By way of illustrative example, these infringing products and services include, without limitation, Defendant's products and services, *e.g.*, My Cloud devices, and

RUSS, AUGUST & KABAT

all versions and variations thereof since the issuance of the '893 Patent ("Accused Instrumentalities").

64.     Each Defendant has directly infringed and continues to infringe the '893 Patent, for example, by making, selling, offering for sale, and/or importing the Accused Instrumentalities, and through its own use and testing of the Accused Instrumentalities. Each Defendant uses the Accused Instrumentalities for its own internal non-testing business purposes, while testing the Accused Instrumentalities, and while providing technical support and repair services for the Accused Instrumentalities to its customers.

65.     For example, the Accused Instrumentalities infringe Claim 1 (and other claims) of the '893 Patent. One non-limiting example of the Accused Instrumentalities' infringement is presented below:

66.     The Accused Instrumentalities include "[a] non-transitory computer-readable storage medium storing instructions which, when executed by a computer, cause the computer to perform a method of an information processing apparatus for transferring data." For example, the Accused Instrumentalities include instructions for transferring data in the manner described below.

67.     The Accused Instrumentalities include instructions for "automatically reading first management data from a first storage medium, the first management data identifying files of source data stored on the first storage medium." For example, each My Cloud device includes one or more hard disk for management data, including identification of files configured for backup or synchronization, and identification of changes since the last backup or synchronization. *See, e.g.*, https://www.wd.com/products/personal-cloud-storage/my-cloud.html ("Everything in One Place: Centralize, organize and back up all your photos, videos and files in one reliable place. *** Capacity: 3TB, 4TB, 6TB, 8TB"); https://www.wd.com/products/network-attached-storage/my-cloud-expert-series-ex2-ultra.html ("My Cloud EX2 Ultra comes pre-configured with WD Red hard

31

drives, specifically built for NAS systems to provide improved performance within 24x7 environments."); WD MyCloud User Manual 4779-705140 ("USB Backup—Allows you to back up your WD My Cloud device data to a USB device or to backup your USB device data to your WD My Cloud device.; Remote Backup—Allows you to backup WD My Cloud device data to another WD My Cloud device; Cloud Backup—Allows you to backup WD My Cloud device data to an external cloud backup service."); My Cloud User Manual 4779-705103 ("Auto updates help keep your safepoint up to date with the content on your WD My Cloud device by copying changes since the last update."); WD MyCloud User Manual 4779-705140 ("Enter the following information to create a Remote backup job: *** Source Folder"; "From the drop-down menu, select the type of [Amazon S3 Cloud] backup you'd like to perform. Options include: *** • Full Backup: Creates a separate folder containing all of the backup data each time the backup is performed. • Incremental Backup: Overwrites files with source files that are newer then the target files."); https://support.wdc.com/knowledgebase/answer.aspx?ID=16780&lang=en ("WD Sync allows files to be copied from a computer onto a My Cloud Network Attached Storage device. Adding, deleting or modifying files in one location will lead to the

RUSS, AUGUST & KABAT

same     changes     being     applied     to     the     other     locations.");

https://support.wdc.com/knowledgebase/answer.aspx?ID=11395:



https://support.wdc.com/knowledgebase/answer.aspx?ID=11807:



68.    The Accused Instrumentalities include instructions for "automatically identifying, by the computer, one of the files of source data based on the first management data and second management data, the second management data identifying files of transferred data stored on a second storage medium, the one of the files of source data being absent from the second storage medium." For example, the My Cloud system identifies files that are not present on the remote system because they have been changed or updated locally. *See, e.g.*, My Cloud User Manual 4779-705103 ("Auto updates help keep your safepoint up to date with the content on your WD My Cloud device by copying changes since the last update.").

69.    The Accused Instrumentalities include instructions for "automatically transferring the one of the files of source data to the second storage medium, the one of the files of source data being transferred becoming one of the files of transferred data." For example, when the My Cloud server is connected to a WD Sync client, the server transfers all   changes to the client; likewise, the My Cloud server automatically transfers backup data to configured backup targets. *See, e.g.*, My Cloud User Manual 4779-705147 ("After that, the WD Sync software automatically

RUSS, AUGUST & KABAT

updates any changes to the file, at any location, on the other configured devices.");

https://support.wdc.com/knowledgebase/answer.aspx?ID=10428:

10. Turning the *Auto Update* On will provide a user with the option to decide how often to update the device's backup.
It can be done Daily, Weekly and Monthly. When ready to proceed, click on *Next*.



70.     The Accused Instrumentalities include instructions for "automatically displaying transferring status of the one of the files of source data by a symbolic figure." For example, the My Cloud interface displays the progress of a transfer. *See, e.g.*, WD My Cloud User Manual 4779-705140 ("Use the following steps to back up your WD My Cloud to a remote location: *** In the USB Backup Jobs area, click the Start Backup icon to begin your backup. The progress of the backup appears in

1    the                  USB                Backup              Jobs               area.");

2    https://support.wdc.com/knowledgebase/answer.aspx?ID=10428:

3    13. As the Safepoint creation is active, the progress will be displayed on the Dashboard.
          This process may take up to several hours depending on how much information is in the drive.

4

5



6

7

8

9

10

11

12

13

14

15

16

17       71.    Each Defendant has had knowledge of the '893 Patent and its

18   infringement since at least the filing of the original Complaint in this action, or

19   shortly thereafter, including by way of this lawsuit. By the time of trial, each

20   Defendant will have known and intended (since receiving such notice) that its

21   continued actions would actively induce and contribute to the infringement of the

22   claims of the '893 Patent.

23       72.    Each Defendant's affirmative acts of making, using, selling, offering

24   for sale, and/or importing the Accused Instrumentalities have induced and continue

25   to induce users of the Accused Instrumentalities to use the Accused Instrumentalities

26   in their normal and customary way to infringe the claims of the '893 Patent. Use of

27   the Accused Instrumentalities in their ordinary and customary fashion results in

28   infringement of the claims of the '893 Patent.

COMPLAINT

RUSS, AUGUST & KABAT

73.     For example, each Defendant explains to customers the benefits of using the Accused Instrumentalities, such as by touting their advantages of data backup or synchronization using the accused functionalities. Each Defendant also induces its customers to use the Accused Instrumentalities to infringe other claims of the '893 Patent. Each Defendant specifically intended and was aware that the normal and customary use of the Accused Instrumentalities on compatible systems would infringe the '893 Patent. Each Defendant performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '893 Patent and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement.  On information and belief, each Defendant  engaged in such inducement to promote the sales of the Accused Instrumentalities, *e.g.,* through its user manuals, product support, marketing materials, demonstrations, installation support, and training materials to actively induce the users of the accused products to infringe the '893 Patent.  Accordingly, each Defendant has induced and continues to induce end users of the accused products to use the accused products in their ordinary and customary way with compatible systems to make and/or use systems infringing the '893 Patent, knowing that such use of the Accused Instrumentalities with compatible systems will result in infringement of the '893 Patent. For example, in the case of diskless My Cloud products, each Defendant induces end users to add one or more hard drives in order to make the product operable. Accordingly, each Defendant has been (since at least as of filing of the original complaint), and currently is, inducing infringement of the '893 Patent, in violation of 35 U.S.C. § 271(b).

74.     Each Defendant has also infringed, and continues to infringe, claims of the '893 Patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Instrumentalities, which are used in practicing the process, or using the systems, of the '893 Patent, and constitute a material part of the invention.  Defendant knows the components in the Accused

RUSS, AUGUST & KABAT

37

Instrumentalities to be especially made or especially adapted for use in infringement of the '893 Patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. For example, the ordinary way of using the Accused Instrumentalities infringes the patent claims, and as such, is especially adapted for use in infringement. For another example, in the case of diskless My Cloud products, each end users must add one or more hard drives in order to make the product operable. Accordingly, each Defendant has been, and currently is, contributorily infringing the '893 Patent, in violation of 35 U.S.C. § 271(c).

75.     As a result of Defendant's infringement of the '893 Patent, Plaintiff Data Scape is entitled to monetary damages in an amount adequate to compensate for each Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by each Defendant, together with interest and costs as fixed by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Data Scape respectfully requests that this Court enter:

a.      A judgment in favor of Plaintiff that Defendants have infringed, either literally and/or under the doctrine of equivalents, the '581 Patent, the '929 Patent, the '537 Patent, and the '893 Patent (collectively, "asserted patents");

b.      A permanent injunction prohibiting Defendants from further acts of infringement of the asserted patents;

c.      A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for its infringement of the asserted patents, as provided under 35 U.S.C. § 284;

d.      A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Data Scape, including without limitation, prejudgment and post-judgment interest;

RUSS, AUGUST & KABAT

COMPLAINT

e.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendants; and

f.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully Submitted,

Dated: December 26, 2018

/s/ Reza Mirzaie
RUSS AUGUST & KABAT
Marc A. Fenster, SBN 181067
Email: mfenster@raklaw.com
Reza Mirzaie (CA SBN 246953)
Email: rmirzaie@raklaw.com
Brian D. Ledahl (CA SBN 186579)
Email: bledahl@raklaw.com
Paul Kroeger (CA SBN 229074)
Email: pkroeger@raklaw.com
C. Jay Chung (CA SBN 252794)
Email: jchung@raklaw.com
Philip X. Wang (CA SBN 262239)
Email: pwang@raklaw.com

*Attorneys for Plaintiff Data Scape Limited*

COMPLAINT