UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES – GENERAL

Case No. SA CV 18-2285-DOC (KESx)            Date: May 17, 2019

Title: DATA SCAPE LIMITED V. WESTERN DIGITAL CORPORATION ET AL

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

---

PROCEEDINGS (IN CHAMBERS):    ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT [31]

    Before the Court is Defendants Western Digital Corporation ("Western Digital Corp.") and Western Digital Technologies, Inc.'s ("Western Digital Tech.") (collectively, "Defendants") Motion to Dismiss Plaintiff Data Scape Limited's ("Data Scape" or "Plaintiff") Complaint ("Motion") (Dkt. 31) The Court heard oral argument on May 9, 2019. Having reviewed the moving papers and considered the parties' arguments, the Court GRANTS WITH PREJUDICE Defendants' Motion.

**I.     Background**

    **A.  Facts**

    The following facts are drawn from Plaintiff's Complaint (Dkt. 1). *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Plaintiff Data Scape is a company organized under the laws of Ireland. Compl. ¶ 1. Western Digital

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 18-2285-DOC (KESx)                                    Date: May 17, 2019
                                                                                                                                   Page 2

Corp. and Western Digital Tech. are Delaware corporations, each with a place of business in Irvine, California. *Id.* ¶ 2–3.

Plaintiff is the owner of the following four patents:

1. Patent No. 8,386, 581 ("the 581 Patent"), entitled "Communication System and Its Method and Communication Apparatus and Its Method." *See* Compl. Ex. A.

2. Patent No. 7,720,929 ("the 929 Patent"), entitled "Communication System and Its Method and Communication Apparatus and Its Method." *See* Compl. Ex. B.

3. Patent No. 7,617,537 ("the 537 Patent"), entitled "Communication System and Its Method and Communication Apparatus and Its Method." *See* Compl. Ex. C.

4. Patent No. 9,715,893 ("the 893 Patent"), entitled "Recording Apparatus, Server Apparatus, Recording Method, Program and Storage Medium." *See* Compl. Ex. D.

The 581 Patent, 929 Patent, and 537 Patent are alternatively referred to collectively by the parties as the Morohashi Patents because they are based on the same Japanese parent application. Mot. at 2. The 893 Patent is alternatively referred to as the Hirono Patent. *See generally* Mot.

### B. Procedural History

On December 26, 2018, Plaintiff filed the Complaint in the instant action (Dkt. 1). On April 5, 2019, Defendants filed the instant Motion to Dismiss ("Motion") (Dkt. 31). Plaintiff opposed on April 15, 2019 ("Opposition") (Dkt. 33), and Defendants replied on April 22, 2019 ("Reply") (Dkt. 35).

## II. Legal Standard

### A. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 18-2285-DOC (KESx)　　　　　　　　　　　　　　　　　Date: May 17, 2019
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555, n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. *See, e.g., DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

### B. Patent Eligibility Under 35 U.S.C. § 101

An invention or a discovery is patentable if it is a "new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." 35 U.S.C. § 101. "In choosing such expansive terms . . . Congress plainly contemplated that the patent laws would be given wide scope." *Diamond v. Chakrabarty*, 447 U.S. 303, 308 (1980). Still, the Supreme Court has identified exceptions to this wide scope to "distinguish patents that claim the building blocks of human ingenuity, which are ineligible for patent protection, from those that integrate the building blocks into something more." *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2350 (2014) (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 89 (2012)) (internal quotations omitted). These exceptions to patent protection are "laws of nature, natural phenomena, and abstract ideas." *Diamond v. Diehr*, 450 U.S. 175, 185 (1981). While the boundaries of the judicial exceptions remain subject to further development,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 18-2285-DOC (KESx)            Date: May 17, 2019
           Page 4

the Supreme Court has clearly delineated the policy underlying those exceptions: avoiding patents that "too broadly preempt the use of a natural law [or abstract idea]." *Mayo*, 132 S. Ct. at 1294. Thus, patent law should "not inhibit further discovery by improperly tying up the future use of laws of nature [or abstract ideas]." *Id.* at 1301.

       In *Mayo*, the Supreme Court "set forth a framework for distinguishing patents that claim laws of nature, natural phenomena, and abstract ideas from those that claim patent-eligible applications of those concepts." *Alice*, 134 S. Ct. at 2355. The first step is to ask "whether the claims at issue are directed to one of those patent-ineligible concepts." *Id*. If not, the claims fall within the scope of § 101 and are patent-eligible. If the claims are directed to one of the exceptions, the next step is to search for an "inventive concept" that is "sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the natural law itself." *Mayo*, 566 U.S. at 72–73. In doing so, a court must "consider the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent-eligible application." *Alice*, 134 S. Ct. at 2355 (quoting *Mayo*, 566 U.S. at 78–79). If, in considering the claim elements individually and as an ordered combination, they merely recite well-understood, routine, and conventional steps, they will not constitute an inventive concept for patent eligibility purposes. *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128 (Fed. Cir. 2018). "Whether the claim elements or the claimed combination are well-understood, routine, conventional is a question of fact." *Id.*; *see also Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368–69 (Fed. Cir. 2018) ("Like indefiniteness, enablement, or obviousness, whether a claim recites patent eligible subject matter is a question of law which may contain underlying facts.").

       Like other legal questions based on underlying facts, this question may be, and frequently has been, resolved on a Rule 12(b)(6) motion where the undisputed facts, considered under the standards required by that Rule, require a holding of ineligibility under the substantive standards of law. *SAP America, Inc. v. Investpic, LLC*, 898 F.3d 1161, 1166 (Fed. Cir. 2018).

## III.    Discussion

       In the instant Motion, Defendants move to dismiss Plaintiff's complaint with prejudice on the basis that the Morohashi Patents and the 893 Patent (collectively "Asserted Patents") do not claim patentable subject matter under 35 U.S.C. § 101. Mot. at 10–24. Defendants argue that the Asserted Patents and the claims therein ("asserted claims") are invalid under the *Alice* test because the Asserted Patents are improperly directed to an abstract idea, and because the claims do not contain an inventive concept that would transform the claimed abstract idea into patent-eligible subject matter Mot. at

Case 8:18-cv-02285-DOC-KES   Document 41   Filed 05/17/19   Page 5 of 12   Page ID #:793

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 18-2285-DOC (KESx)                                              Date: May 17, 2019
                                                                                         Page 5

11, 16–17. Plaintiffs counter that the Morohashi Patents and the 893 Patent are patent-eligible as a matter of law because they are "directed to" unconventional technological improvements to technological processes. Opp'n at 2, 8.

### A. Section 101 Analytical Framework

As discussed, a court must first "determine whether the claims at issue are directed to one of those patent-ineligible concepts." *Alice*, 134 S. Ct. at 2355 (citing *Mayo*, 132 S. Ct. at 1296–97). If so, then the court must ask "[w]hat else is there in the claims," which requires consideration of "the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent-eligible application." *Id.* (citing *Mayo*, 132 S. Ct. at 1297–98). In this second step, the court must "search for an 'inventive concept'—*i.e.*, an element or combination of elements that is 'sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself.'" *Id.* (citing *Mayo*, 132 S. Ct. at 1294). This two-step analytical framework has been labeled the "*Alice/Mayo* test" or simply the "*Alice* test."

### B. *Alice* Step One

Defendants argue that the 929 Patent is representative of the Asserted Patents, and the 929 Patent demonstrates that the focus of the asserted claims is an abstract idea. Mot. at 10–12. Plaintiffs counter that the 929 Patent is not representative of the asserted claims, and that the Asserted Patents are not directed to an abstract idea because their claimed advance is directed to improved electronic systems that are configured to improve an existing electronic process. Opp'n at 3, 8.

The first step in determining whether a claim satisfies Section 101 is determining whether the claim at issue is directed to a "patent-ineligible concept" such as an abstract idea. *Alice*, 134 S. Ct. at 2355. Under the first step of the *Alice/Mayo* test, "the court must identify the purpose of the claim—in other words, what the claimed invention is trying to achieve—and ask whether that purpose is abstract." *Cal. Inst. Tech.*, 59 F. Supp. 3d at 991. To accomplish this task, the Court must "appl[y] a stage-one filter to claims, considered in light of the specification, based on whether 'their character as a whole is directed to excluded subject matter.'" *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335 (Fed. Cir. 2016). Moreover, because "all improvements in computer-related technology are inherently abstract," it is "relevant to ask whether the claims are directed to an improvement to computer functionality versus being directed to an abstract idea, even at the first step of the *Alice* analysis." *Id.*

### 1. Representative Claim

Defendant treats claim 19 of the 929 Patent as representative of the Asserted Patents, but Plaintiff argues that claim 19 is not representative of the Asserted Patents. Opp'n at 12. Where a courts finds that claims "are 'substantially similar and linked to the same abstract idea,' a court need not address each claim individually." *Multimedia Plus, Inc. v. Playerlync, LLC*, 198 F. Supp. 264, 272 (S.D.N.Y. 2016) (quoting *Content Extraction*, 776 F.3d at 1348).

Claim 19 of the 929 Patent states:

"A communication method, comprising the steps of:

editing management information of data to be transferred from an apparatus to an external apparatus by selecting certain data to be transferred, said management information stored in a storage medium of the apparatus, without regarding to the connection of said apparatus and said external apparatus;

detecting, at the apparatus, whether said apparatus and said external apparatus are connected;

comparing at the apparatus, whether said edited management information with management information of data stored in said external apparatus; and

transmitting the selected data from said apparatus to said external apparatus based on said management information and a result of the comparison when said detection indicates that said apparatus and said external apparatus are connected."

Compl. Ex. B, 929 Patent, claim 19 (31:19).

Courts "may treat a claim as representative in certain situations, such as if the patentee does not present any meaningful argument for the distinctive significance of any claim limitations not found in the representative claim or if the parties agree to treat a claim as representative." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018) (citations omitted). Plaintiff makes the cursory assertion that there is "significant non-overlap" in claim elements in the Morohashi patent family, Opp'n at 12–13. However, Plaintiff does not advance any meaningful argument for why claim 19 is not representative, elaborate on why there is non-overlap in claim elements, or cite to other claims in the Morohashi patent that "bear on patent eligibility." *Cf Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365–66 (Fed. Cir. 2018) (finding that a claim should not be treated as representative where the plaintiff maintained that other, dependent claims "bear on patent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 18-2285-DOC (KESx)                                                        Date: May 17, 2019
                                                                                                                                        Page 7

eligibility" and, "advanced meaningful arguments regarding limitations found only in the dependent claims," and where the trial court "necessarily recognized that he raised arguments regarding the dependent claims"). Moreover, claim 19 of the 919 Patent recites the abstract idea of transferring selected data from one storage device to another storage location, encapsulating this abstract idea as it runs through the Asserted Patents. *Compare* Compl. Ex. B, claim 19, *with* Compl. Ex. B, claim 1 (identifying the patented device as selecting data to be transferred from one apparatus to another and controlling such transfer of selected data). Accordingly, the Court finds that Data Scape has not raised any meaningful argument for why claim 19 of the 929 Patent is not representative of the Morohashi Patents, and the Court will treat claim 19 of the 929 Patent as representative of the Morohashi Patents.

      As to the 893 Patent, Plaintiff makes a conclusory argument that claim 19 of the 929 Patent is not representative because the Hirano family of patents (of which the 893 Patent is a part) includes different figures and disclosure as compared with the Morohashi family of patents, and there is little overlap between the 893 Patent and the Morohashi patent family. Opp'n at 12–13. Though Plaintiff does provide more detail regarding the 893 Patent, the Court finds that Plaintiff again fails to assert a "meaningful argument for the distinctive significance of any claim limitations not found in the representative claim" to posit that claim 19 of the 929 Patent is not representative. *Berkheimer*, 881 F.3d at 1365. Plaintiff does not point to any claim within the 893 Patent that is distinct from the representative claim, which is generally required to make a "meaningful argument" against the representative claim. *See, e.g.*, *BlackBerry Ltd. v. Facebook, Inc.*, 2018 WL 4847053, at *11 (C.D. Cal. Aug. 21, 2018) (noting that plaintiff disputed a claim was representative of all of the patent claims and that plaintiff identified generic computer components of another claim, but holding that plaintiff "did not present a meaningful argument" against the representative claim); *Hybrid Audio, LLC v. Visual Land, Inc.*, 2018 WL 1684309, at *3 (C.D. Cal. April 5, 2018) (holding that plaintiff did not provide a "meaningful argument" against the representative claim where plaintiff's opposition opposed the characterization of the representative claim but plaintiff's "conclusory discussion only touch[ed] on three other claims"). Further, in contrast to the plaintiff in *Berkheimer*, who made arguments "regarding limitations found only in the dependent claims," 881 F.3d at 1365–66, Plaintiff does not specifically identify limitations found only in the other claims. Mot. at 21–23; Reply at 9. Taken together, the Court finds that Plaintiff has not raised a meaningful argument as to any claim of the 893 Patent, and as such, the Court will treat claim 19 of the 929 as representative of the 893 Patent.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 18-2285-DOC (KESx)  Date: May 17, 2019
Page 8

## 2. Claim 19 of the 929 Patent is Abstract

Defendant argues claim 19 of the 929 Patent demonstrates that the focus of the asserted claims is an abstract idea because, as shown by claim 19 of the 929 Patent, the focus of the asserted claims is transferring specific data from one storage location to another. Mot. at 11–12. Plaintiff argues that the Asserted Patents are directed to the improvement of technological processes. Opp'n at 2, 8.

As the Federal Circuit has explained, collecting, analyzing, and presenting information are abstract because "[i]nformation as such is an intangible." *Elec. Power Grp, LLC v. Alstom S.A.*, 803 F.3d 1350, 1353 (Fed. Cir. 2016). Both economic and information-based ideas are abstract because their existence is not tied to tangible technology. *See also Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 715 (Fed. Cir. 2014) (describing an "abstraction" as an "idea, having no particular concrete or tangible form"). Consequently, in *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, the Federal Circuit held that the patents in question were abstract where the claims generally recited a method of (1) "extracting data," (2) "recognizing specific information from the extracted data," and (3) "storing that information in a memory." 776 F.3d 1343, 1345 (Fed. Cir. 2014). Similarly, in *SAP American Inc. v. Investpic, LLC*, the Circuit found the patented claims directed to abstract ideas where "[t]he focus of the claims. . . is on selecting certain information, analyzing it using mathematical techniques, and reporting or displaying the results of the analysis. That is all abstract." 898 F.3d 1161, 1167 (Fed. Cir. 2018). The Circuit has also found that a patent was improperly directed to abstract ideas where the representative claim was directed to a media system "with a customized user interface, in which the system delivers streaming content from a network-based resource upon a demand to a handheld wireless electronic device having a graphical user interface." *Affinity Labs of Texas, LLC v. Amazon.com Inc.*, 838 F.3d 1266, 1268 (Fed. Cir. 2016).

Similar to the patents in the aforementioned cases, the Asserted Patents here are directed to an abstract idea of data storage, transfer, and processing. As claim 19 of the 929 Patent demonstrates, the focus of the Asserted Patents is to "select certain data" to be transferred from one apparatus to another, detect whether the two apparatuses are connected, compare the information stored on the two devices, and transfer selected data from one apparatus to another apparatus. Compl. Ex. B., 929 Patent claim 19 (31:19). The Asserted Patents thus describe a method of recognizing certain data, extracting the data, and transferring the stored data, much akin to the data selection, transfer, and storage functions of several patents invalidated by the Federal Circuit. *See Content Extraction*, 776 F.3d at 1345 (holding invalid patents that recited a method of extracting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 18-2285-DOC (KESx)                                Date: May 17, 2019
                                                                                                                           Page 9

data, recognizing specific information, and storing that information); *SAP American*, 898 F.3d at 1167 (invalidating claims where the focus of the claims was selecting certain information). The concept of selectively transferring stored data is abstract and not directed at a specific improvement, as noted by previous courts, and this concept is the central focus of claim 19 of the 929 Patent. Accordingly, the Asserted Patents invalidly claim a patent-ineligible, abstract idea.

      Plaintiff argues that the Court should not grant Defendants' Motion because the Asserted Patents are instead directed to improved technological processes. Plaintiff characterizes the Morohashi Patents as involving a data synchronization system, Opp'n at 3, but synchronization is never mentioned anywhere in the 581 Patent, 929 Patent, or 537 Patent, and synchronization is not mentioned in the claims of the 893 Patent. *See* Compl. Ex. A, B, C, D. Plaintiff also argues that the use of a controller as described in the Asserted Patents is part of the claimed advance, and the claims regarding the controller demonstrate the Asserted Patents are not aimed toward an abstract concept. Opp'n at 14–15. However, as Plaintiff recites, the controller's function is to compare data and control the transfer of selected data. *See* Compl. Ex. B (929 Patent, claim 1). As articulated in numerous cases, a patent is abstract where the claims focus on the idea of "1) collecting data, 2) recognizing certain data within the collected data set, and 3) storing that recognized data in a memory. The concept of data collection, recognition, and storage is undisputedly well-known." *Content Extraction*, 776 F.3d at 1167. Accordingly, the focus of the Asserted Patents, including the data collection, storage, and transfer functions of the controller, is abstract.

      Instead of being aimed at specific improvements, looking to claim 19 of the 929 Patent as well as the claims of the Asserted Patents as a whole, the patents articulate an abstract concept of a communication system configured to extract selected data and "transfer content data to a first apparatus form a second apparatus." Compl. Ex. C (537 Patent, claim 1, describing "a communication method to transfer content data to a first apparatus to a second apparatus"); *see also* Compl. Ex. B (929 Patent, claim 19, describing a communication method comprised of "editing management information of data to be transferred" between one apparatus and another, "detecting. . . whether said apparatus and said external apparatus are connected," comparing the data stored in each apparatus, and "transmitting the selected data"); Compl. Ex. A (581 Patent, claim 1, describing a communication apparatus with a controller to edit a list, extract the list, and control transfer of content data); Compl. Ex. D (893 Patent, claim 1, describing a method of transferring select data).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 18-2285-DOC (KESx)            Date: May 17, 2019
Page 10

       Plaintiff compares the instant case to cases in which the courts have found a patent for a data storage and recognition system not abstract, but the patents in those cases were directed at a specific improvement and the claimed advances were not abstract. In *Core Wireless*, the claims at issue were "directed to an improved user interface of computing devices," and "directed to a particular manner of summarizing and presenting information in electronic devices." *Core Wireless Licensing S.A.R.L. v. LG Electronics, Inc.*, 880 F.3d 1356, 1362 (Fed. Cir. 2018). Specifically, the claims recited "specified a particular configuration of the sensors and a particular method of utilizing the raw data that eliminated many of the complications inherent in conventional methods." *Id.* at 1362. In *Visual Memory*, the Circuit reversed a finding of patent eligibility where the claims were "directed to an improved computer memory system" that "allow[s] different types of processors to be installed with the [same] subject memory system without significantly compromising their individual performance." *Visual Memory LLC v. NVIDA Corp.*, 867, F3d 1253, 1259, 1256 (Fed. Cir. 2017). As that patent "obviate[s] the need to design a separate memory system for each type of processor. . . and. . . avoid[s] the performance programs of prior art memory systems," the Federal Circuit found that the focus was patent eligible as aimed at a specific improvement. *Id.* at 1259. For the aforementioned cases, the asserted claims articulated *how* the patented system or device utilized new methods or an improved device to achieve an improvement. In direct contrast, the Asserted Patents in the instant action, at their core, recite the management and detection of data, as well as its comparison and transmission, a clearly-abstract concept as noted in *Content Extraction*. 776 F.3d at 1167.

       **C.** ***Alice*** **Step Two**

       Turning to step two the of the *Alice* framework, Defendants argue the asserted claims do not contain an inventive concept that transforms the claimed abstract idea into patent-eligible subject matter. Mot. at 16–21. Plaintiff argues that Defendants have not met their burden to show that the asserted claims contain generic functions using conventional components. Opp'n. at 19–22.

       Having determined that the claims are directed to the abstract idea of recommending products or services using customer-specific information, the Court now "examine[s] the limitations of the claims to determine whether the claims contain an 'inventive concept' to 'transform' the claimed abstract idea into patent-eligible subject matter." *Ultramercial II*, 772 F.3d at 715 (quoting *Alice*, 134 S. Ct. at 2357). "A claim that recites an abstract idea must include 'additional features' to ensure 'that the [claim] is more than a drafting effort designed to monopolize the [abstract idea].'" *Alice*, 134 S. Ct. at 2357 (quoting *Mayo*, 132 S. Ct. at 1297) (alterations in original). "Those 'additional features' must be more than 'well-understood, routine, conventional

Case 8:18-cv-02285-DOC-KES   Document 41   Filed 05/17/19   Page 11 of 12   Page ID #:799

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 18-2285-DOC (KESx)                                    Date: May 17, 2019
                                                                     Page 11

activity.'" *Ultramercial II*, 772 F.3d at 715 (quoting *Mayo*, 132 S. Ct. at 1298). The "mere recitation of a generic computer cannot transform a patent-ineligible abstract idea into a patent-eligible invention." *Alice*, 134 S. Ct. at 2358. Consequently, claims that "require only off-the-self, conventional computer technology for gathering, analyzing, and displaying the desired information" are invalid under *Alice* step two. *Clarilogic, Inc. v. Formfree Holdings Corp.*, 681 Fed. Appx. 950, 955 (Fed. Cir. 2017). And "[c]laims directed to generalized steps to be performed on a computer using conventional computer activity are not patent eligible." *Two-way Media v. Comcast Cable Communications, LLC*, 874 F.3d 1329, 1337 (Fed. Cir. 2017).

Here, the Asserted Patents do not include an inventive concept that transforms the abstract idea into patent-eligible subject matter. As Defendants state, claim 19 of the 929 involves editing information, detecting the connection of one apparatus to another, comparing data on the two decides, and transmitting selected data from one apparatus to another. Compl. Ex. B (claim 19 of 929 Patent). Claim 19 uses only "generic functional language" to select, compare, and transfer data, and thus does not put forth an inventive language. *Two-Way Media*, 874 F.3d at 1339. Turning to how the solution is achieved, there is no apparent unconventional means in claim 19; the steps consist of editing data, detecting data, comparing data between two devices, and then transmitting certain data. Compl. Ex. B (claim 19 of 929 Patent). Claim 19 thus does not claim any innovative means by which to selectively transfer data. *See Clarilogic*, 681 Fed. Appx. at 950. The ordered combination of detecting, comparing, and transferring likewise does not transform the Asserted Patents into an inventive concept, as these are conventional steps, in order, by which to selectively transfer data. *See Two-Way Media*, 874. F.3d at 1341 ("the claim uses a conventional ordering of steps. . . with conventional technology to achieve its desired result"). As such, Claim 19 of the 929 Patent does not contain an inventive concept that would transform the asserted claims into patent-eligible subject matter.[1]

---

[1] Plaintiff again argues that Defendants do not engage with the majority of the claims and claim elements, citing to cases in which one claim should not have served as the representative claim, such as *Berkheimer*. Opp'n at 19–20. As the Court noted previously, however, claim 19 of the 929 Patent serves as a representative claim for the Asserted Patents in this case. As claim 19 of the 929 Patent does not contain an inventive concept, the patent is invalid. *See Two-way Media*, 873 F.3d at 1338 ("Because the claim is directed to an abstract idea, we proceed to *Alice* step two to determine whether the representative claims disclose a saving inventive concept"). Moreover, even looking to the Asserted Patents as a whole, the Court does not find an inventive concept that would transform the asserted claims into patent-eligible subject matter.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 18-2285-DOC (KESx)            Date: May 17, 2019
           Page 12

Looked to as a whole, the elements of the Asserted Patents also do not contain an inventive concept. For instance, the 537 Patent merely describes a communication method to transfer data involving comparing, transferring, and deleting data. Compl. Ex. C (claim 1 of the 537 Patent). Deleting select data is identified by Plaintiff in its attempt to demonstrate a claimed advance, *see* Opp'n at 3, yet deleting data is a generic and routine function of a computer, and the claim does not identify the use of any innovative or inventive functions or concepts in such deletion. Likewise, claim 1 of the 893 Patent recites a generic, routine computer function of automatically reading, identifying, transferring, and displaying data. Compl. Ex. D (claim 1 of the 893 patent). As previous courts have stated, the process of data collection, recognition, and storage is an "undisputedly well-known" concept, as "[i]ndeed, humans have always performed these functions." *Content Extraction*, 776 F.3d 1343, 1347 (Fed. Cir. 2014).

As Defendants have shown, the Asserted Patents are patent-ineligible due to their focus on an abstract idea under *Alice* step one, and do not transform the claimed abstract idea into patent-eligible subject matter under *Alice* step two. Accordingly, the Asserted Patents claim patent-ineligible material, and the Court DISMISSES WITH PREJUDICE Plaintiff's Complaint.

## IV. Disposition

For the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss and DISMISSES WITH PREJUDICE Plaintiffs' Complaint, pursuant to 35 U.S.C. § 101.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN            Initials of Deputy Clerk: djl