RUSS, AUGUST & KABAT
Marc A. Fenster, SBN 181067
Email: mfenster@raklaw.com
Reza Mirzaie (CA SBN 246953)
Email: rmirzaie@raklaw.com
Brian D. Ledahl (CA SBN 186579)
Email: bledahl@raklaw.com
Paul Kroeger (CA SBN 229074)
Email: pkroeger@raklaw.com
C. Jay Chung (CA SBN 252794)
Email: jchung@raklaw.com
Philip X. Wang (CA SBN 262239)
Email: pwang@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

*Attorneys for Plaintiff*
*Data Scape Limited*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| DATA SCAPE LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>WESTERN DIGITAL CORPORATION, WESTERN DIGITAL TECHNOLOGIES, INC.,<br><br>Defendants. | Case No. 8:18-cv-02285-DOC-KESx<br><br>**DATA SCAPE'S NOTICE OF MOTION AND MOTION TO ALTERN OR AMEND A JUDGMENT REGARDING DKT. NO. 41 AND FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: July 8, 2019<br>Time: 8:30 AM<br>Ctrm: 9D<br><br>District Judge: Hon. David O. Carter<br><br>Original Complaint Filed:<br>December 26, 2018 |

**To Defendants Western Digital Corporation and Western Digital Technologies, Inc. (collectively, "Western Digital") and their counsel of record:**

Please take notice that on July 8, 2019, at 8:30 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable David O. Carter, located in the Ronald Reagan Federal Building, United States Courthouse, 411 West Fourth Street, Courtroom 9D, Santa Ana, CA, Plaintiff Data Scape Limited ("Data Scape") will and hereby does move this Court to alter or amend a judgment regarding Dkt. No. 41 and for leave to file First Amended Complaint.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, and the supporting papers (e.g., Exhibits) filed concurrently herewith, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument and evidence that may be presented to or considered by the Court prior to its ruling.

This Motion is made following the conference of counsel for Data Scape and counsel for Western Digital pursuant to Local Rule 7-3. Counsel for Data Scape and counsel for Western Digital met and conferred by phone on May 21, 2019 regarding this Motion. The parties were unable to reach resolution and Western Digital indicated that it opposes the Motion.

Respectfully Submitted,

Dated: June 10, 2019

/s/ Reza Mirzaie
RUSS AUGUST & KABAT
Marc A. Fenster (CA SBN 181067)
Email: mfenster@raklaw.com
Reza Mirzaie (CA SBN 246953)
Email: rmirzaie@raklaw.com
Brian D. Ledahl (CA SBN 186579)
Email: bledahl@raklaw.com
Paul A. Kroeger (CA SBN 229074)
Email: pkroeger@raklaw.com
C. Jay Chung (CA SBN 252794)
Email: jchung@raklaw.com

*Attorneys for Plaintiff Data Scape Limited*

I.   INTRODUCTION ................................................................................................ 1

II.  LEGAL STANDARDS UNDER RULE 59(e) AND RULE 15 ..................... 3

III. RESPECTFULLY, THIS COURT MUST ALTER ITS JUDGMENT TO A DISMISSAL *WITHOUT* PREJUDICE AND AFFORD DATA SCAPE ONE OPPORTUNITY TO AMEND ITS COMPLAINT ............................................................................................... 3

    A.  <u>Controlling Law Requires This Court's Judgment To *Either* Provide Plaintiff With One Chance To Amend Its Complaint *Or Else* Clearly Dictate Why Amendment Is Inappropriate</u> ...................... 3

    B.  <u>This Court Must Alter The Judgment Because It Included Neither Option: It Did Not Allow An Amended Complaint *Or* Dictate Why One Would be Inappropriate</u> ........................................... 5

    C.  <u>Respectfully, In This Case, The Only Option That Avoids Reversal Is For This Court To Alter The Judgment To Provide Data Scape With One Chance To Amend Its Complaint</u> ...................... 5

        1.  Data Scape's Amendment Is Not Futile as a Matter of Law: It Includes Detailed Allegations Based On Record Evidence That Contradicts Key Conclusions In The Judgment ............................................................................................ 5

        2.  Likewise, There Is No Other Cognizable Reason For this Court to Dictate Why Leave to File the FAC Would Be Improper—And Doing So Would Lead To Reversible Error ................................................................................................. 13

        3.  At The Least, Controlling Law Requires Altering Judgment To Allow One More Round of Briefing And Hearing To Adequately Consider *Whether* Data Scape's FAC Fails .......... 14

IV. CONCLUSION .................................................................................................. 14

**Cases**

*Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1126-28 (Fed. Cir. 2018). ............................................................................................................................ passim

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2358 (2014) ......................... 9

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). ................................ 3

*Ancora Techs., Inc. v. HTC Am., Inc.*, 908 F.3d 1343, 1347 (Fed. Cir. 2018) .............. 7

*Berkheimer v. HP Inc.*, 890 F.3d 1369, 1372-73 (Fed. Cir. 2018) .................... 1, 11, 14

*Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299, 1303 (Fed. Cir. 2018) .................. 7

*Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) ............................ 13

*Lacey v. Maricopa City,* 693 F.3d 896, 926 (9th Cir. 2012) .................................... 3, 14

*Mayes v. Leipziger,* 729 F.2d 605, 608 (9th Cir. 1984) ............................................ 1, 4

*National Council of La Raza v. Chegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015) ....... 1

*RingCentral, Inc. v. Dialpad, Inc.*, 18-cv-05242-JST at *16 (N.D. Cal. March 8, 2019). ....... 1, 13

*Synchronoss Techs., Inc. v. Dropbox, Inc.*, 226 F. Supp. 3d 1000, 1007-08 (N.D. Cal 2016). ....... 7

*Voip-Pal.com, Inc. v. Apple, Inc.*, Case No. 18-CV-06216-LHK, Dkt. No. 80 (N.D. Cal. May 16, 2019). ........................................................................................................... 13

## I. INTRODUCTION

Respectfully, this Court must alter its Judgment, granting a dismissal *with* prejudice, because that Judgment will not stand under controlling law.

In the Ninth Circuit, it is "black-letter law" that a district court *either* "must give plaintiffs at least once to amend a deficient complaint" *or else* provide "written findings" explaining why a single amendment is futile or otherwise not appropriate. *National Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015); *Mayes v. Leipziger,* 729 F.2d 605, 608 (9th Cir. 1984). But this Court's Judgment did neither and, therefore, must be altered now.

Between this Court's only two options for altering the Judgment, it should give Data Scape "at least once to amend," because the alternative option would lead to reversible error for other reasons. In fact, on appeal of a dismissal with prejudice, the Federal Circuit in *Aatrix Software, Inc. v. Green Shades Software, Inc*. held that it was reversible error to deny a proposed *second* amendment of the plaintiff's complaint. Instead, the court reversed and—in line with other Rule 12(b)(6) challenges based on defenses that had factual predicates—held that it was only appropriate to afford the plaintiff a third opportunity to submit a complaint that survives Rule 12(b)(6) challenges. 882 F.3d 1121, 1126-28 (Fed. Cir. 2018). Since then, the Federal Circuit has confirmed it "cannot adopt a result-oriented approach to end patent litigation at the Rule 12(b)(6) stage that would fail to accept as true the complaint's factual allegations and construe them in the light most favorable to the plaintiff, as settled law requires." *Berkheimer v. HP Inc.*, 890 F.3d 1369, 1372-73 (Fed. Cir. 2018) (per curiam). And various district courts in this Circuit have acknowledged this recent-but-controlling precedent—and have cited *Aatrix Software* for why they "believe it may be **reversible error to deny amendments** …" *Voip-Pal.com, Inc. v. Apple, Inc.*, Case No. 18-CV-06216-LHK, Dkt. No. 80 (N.D. Cal. May 16, 2019) (emphasis added); *RingCentral, Inc. v. Dialpad, Inc.*, 18-cv-05242-JST at *16 (N.D. Cal. March 8, 2019).

Here, Data Scape's First Amended Complaint ("FAC") is anything but futile. To the contrary, it includes detailed, piece-by-piece factual allegations that are closely tied to—and, indeed, quote—the patents' intrinsic record. The FAC also quotes and is based on other relevant evidence—such as *later-filed* patents from technology companies like Apple *and even Western Digital itself*, which demonstrate that after Data Scape's patents were first filed, various technologists *were still* struggling to solve the computer-specific problem of selectively transferring only certain digital content data while not transferring others. The detailed allegations in the FAC squarely contradict each of the necessary premises and conclusions in the Judgment, both under *Alice* Step 1 and Step 2, which this Court drew when it did not have the benefit of the FAC. All in all, accepting any of these well-supported and detailed allegations as true, the FAC confirms that any Rule 12(b)(6) challenge to Data Scape's claims would fail under *Alice* Step 1 and Step 2. And beyond "futility," district courts in this Circuit have recognized only a handful of other legally cognizable reasons to deny a first amendment—and none of them apply to this case.

While the FAC shows that Data Scape's asserted patent claims cannot be judged to be patent-ineligible under *Alice*—at least not at the pleadings stage—Data Scape *is not* asking this Court to immediately change its conclusions. Instead, it is only asking for an opportunity to file the FAC and have this Court decide any follow-on challenge on that FAC, with a more develop factual record. Under Federal Circuit law, this would be the correct result. And respectfully, it would be error not to. *Aatrix Software*, 882 F.3d at 1126-28; *Lacey v. Maricopa City,* 693 F.3d 896, 926 (9th Cir. 2012) (the Circuit has "adopted a generous standard for granting leave to amend… such that a district court should grant leave to amend even if no request to amend the pleading was made[.]")

For these and other reasons, respectfully, this Court must alter the Judgment to a dismissal *without* prejudice.

## II. LEGAL STANDARDS UNDER RULE 59(e) AND RULE 15

Federal Rule of Civil Procedure 59(e) provides for a "motion to alter or amend a judgment": "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Court should grant this motion to alter or amend a judgment regarding Dkt. No. 41 ("Order granting Defendants' motion to dismiss plaintiff's complaint") because, respectfully, this "motion is necessary to correct manifest errors of law or fact upon which the judgment rests" and is "necessary to prevent manifest injustice," as explained below. *See Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) ("the district court enjoys considerable discretion in granting or denying the motion [under Rule 59(e)").

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that "[t]he court should *freely give leave* when justice so requires." Fed. R. Civ. P. 15(a)(2).

## III. RESPECTFULLY, THIS COURT MUST ALTER ITS JUDGMENT TO A DISMISSAL *WITHOUT* PREJUDICE AND AFFORD DATA SCAPE ONE OPPORTUNITY TO AMEND ITS COMPLAINT

### A. Controlling Law Requires This Court's Judgment To *Either* Provide Plaintiff With One Chance To Amend Its Complaint *Or Else* Clearly Dictate Why Amendment Is Inappropriate

In the Ninth Circuit, it is "black-letter law" that a district court "must give plaintiffs at least once to amend a deficient complaint, **absent a clear showing** amendment would be futile." *National Council of La Raza*, 800 F.3d at 1041 (emphasis added). Moreover, the Circuit has "adopted a generous standard for granting leave to amend from a dismissal for failure to state a claim, such that a district court **should** grant leave to amend **even if no request to amend the pleading was made**[.]" *Lacey v. Maricopa City,* 693 F.3d 896, 926 (9th Cir. 2012)

3

(emphasis added) (internal citations and quotations omitted). For this reason, in this Circuit, dismissal without leave to amend are subject to "strict scrutiny." *Albrecht v. Lund*, 845 F.2d 193, 194-95 (9th Cir. 1988). Indeed, where the record itself "does not clearly dictate the district court's denial [of leave to amend]" the Circuit has "been unwilling to affirm, **absent written findings"** and has "reversed findings that were merely conclusory." *Mayes,* 729 F.2d at 608. (emphasis added).

Thus, respectfully, when facing a motion to dismiss a never-before-amended complaint in this Circuit, a district court has only two options: either dismiss it once without prejudice for leave to amend, or else "dictate" the reasons why there is a "clear showing" that an amendment would be futile or otherwise inappropriate.

Moreover, recent Federal Circuit precedent confirms these standards apply to motions to dismiss based on patent-ineligibility. In *Aatrix Software, Inc. v. Green Shades Software, Inc.*, on appeal of a dismissal with prejudice, the court held that it was reversible error to deny a proposed *second* amendment of the plaintiff's complaint, even under the less-generous Eleventh-Circuit standards for granting leave to amend. *Aatrix Software, Inc.*, 882 F.3d at 1126-28. The court held that the additional allegations made in the second amendment "at a minimum raise factual disputes underlying the §101 analysis, such as, for instance, whether the claim term 'data file' constitutes an inventive concept, alone or in combination with other elements." *Id*. Indeed, in light of its allegations, the patent owner was "entitled" to file its proposed second amended complaint; and that the arguments on appeal further showed a need for the construction of at least one claim term before resolving the issue. *Id*. Since *Aatrix Software*, in an order denying *en banc* petition for rehearing, a panel of seven Federal Circuit judges confirmed its holdings—and further confirmed the potentially fact-intensive and claim-construction dependent nature of §101 challenges. On these questions, the court made clear it "cannot adopt a result-oriented approach to end patent litigation at the Rule 12(b)(6) stage that would fail to accept as true the complaint's factual

4

allegations and construe them in the light most favorable to the plaintiff, as settled law requires." *Berkheimer*, 890 F.3d at 1372-73 (per curiam).

### B. This Court Must Alter The Judgment Because It Included Neither Option: It Did Not Allow An Amended Complaint *Or* Dictate Why One Would be Inappropriate

Respectfully, in this case, the Judgment did not include either option required under binding Ninth Circuit law. It did not include leave to amend. Dkt. No. 41 ("Judgment") at 12. It also did not dictate—anywhere in the Judgment—a reason why an amendment would be futile or otherwise inappropriate. *Id*. And any such reasons are not otherwise "clearly" set forth in the record in any other way.

Accordingly, the Court must alter the Judgment in one of two ways. It must either: (1) alter it to make it a dismissal *without* prejudice and allow Data Scape's amendment; or else (2) provide the reasons why allowing the First Amended Complaint would be futile or otherwise improper, despite the many pages of additional factual allegations in it. As demonstrated herein, option (2) would lead to reversal and, thus, option (1) is the only correct result under applicable law.

### C. Respectfully, In This Case, The Only Option That Avoids Reversal Is For This Court To Alter The Judgment To Provide Data Scape With One Chance To Amend Its Complaint

#### 1. Data Scape's Amendment Is Not Futile as a Matter of Law: It Includes Detailed Allegations Based On Record Evidence That Contradicts Key Conclusions In The Judgment

Data Scape's First Amended Complaint ("FAC," submitted as Exhibit 1) includes detailed, piece-by-piece factual allegations that are closely tied to—and, indeed, quote—the patents' intrinsic record. *E.g.*, FAC at ¶¶ 13-26, 49-66, 90-106, 129-141. That is not all. The FAC also quotes and is based on other relevant evidence—such as *later-filed* patents from technology companies like Apple *and even Western Digital itself*, which demonstrate that after Data Scape's patents were

first filed, various technologists *were still* struggling to solve the computer-specific problem of selectively transferring only certain digital content data while not transferring others. FAC at ¶¶ 27-30, 67-70, 107-110, 142-145. The detailed allegations in the FAC squarely contradict each of the necessary premises and conclusions in the Judgment, both under *Alice* Step 1 and Step 2, which this Court drew when it did not have the benefit of the FAC.

All in all, accepting any of these well-supported and detailed allegations as true, the FAC confirms that any Rule 12(b)(6) challenge to Data Scape's claims would fail under *Alice* Step 1 and Step 2. Indeed, there are seven different additional categories of allegations that require adequate consideration under Federal Circuit law.

**First**, under *Alice* Step 1, quoting claim elements and portions of the patents' intrinsic record that were not possible to include in the single motion-to-dismiss opposition, the FAC shows that each patent in the "Morohashi" family has the following claimed advance:

- A system with a controller configured to selectively transmit certain digital data between first and second storage media based on a comparison of edited data management information stored in the storage medium (**'929 patent**);
- A system with a controller configured to compare identifiers in first and second apparatuses and thereby selectively delete and transfer certain digital content data across the two apparatuses (**'537 patent**); and
- A system with a controller configured to uniquely associate an edited digital data list with an external apparatus using a unique identification of that external apparatus and selectively transfer certain digital content data registered in that list (**'581 patent**).

FAC at ¶¶ 13, 49, 90; *see also, e.g.,* Dkt. No. 33-2 (Ex. 1 to Opp.) ('929 FH) at Page 299-303 of 379 (June 29, 2009 Amendment) (applicant indicating that

6

"edit[ing] management information … without regard to connection" is inventive over prior art); *id.* at Page 367 of 379 (Sept 17, 2009 Amendment) (indicating that examiner agreed that "comparing management information" would overcome examiner's rejections). And with similar citations to the intrinsic record, the Hirano '893 patent has the following claimed advance:

- A system with circuitry configured to use management data to automatically identify specific digital source data in a first computer storage that is absent on a second computer storage—and automatically transfer that data to the second storage medium while automatically outputting its digital transfer status. (**'893 Patent)**

FAC at ¶ 129. These detailed, well-supported factual allegations are critical for an adequate § 101 inquiry and, in fact, it would be reversible error to not include them a Step-1 analysis. *Ancora Techs., Inc. v. HTC Am., Inc*., 908 F.3d 1343, 1347 (Fed. Cir. 2018) (to determine what the claims are "directed to," courts must, at the very least, examine each patent's "claimed advance.") (citing *Finjan, Inc. v. Blue Coat Sys., Inc*., 879 F.3d 1299, 1303 (Fed. Cir. 2018)).

**Second**, the FAC also cites detailed technical references demonstrating that, despite not using the word "synchronization," the advances recited in the claims nevertheless describe the *dictionary definition of data synchronization*. FAC at ¶¶ 16, 52, 93, 132. This contradicts a key conclusion in the Judgment, which held that the claims do not describe or require data synchronization because they do not use that word. And this contradiction is a meaningful one, because recent cases in this Circuit make clear that "more efficient mechanism for *synchronizing data between systems* connected to a network *by updating only the changed data rather than recopying all information*" were patent-eligible as a matter of law. *Synchronoss Techs., Inc. v. Dropbox, Inc*., 226 F. Supp. 3d 1000, 1007-08 (N.D. Cal 2016).

**Third**, regardless of whether the claims are directed to "synchronization," the FAC confirms, through detailed facts, that they nevertheless improve electronic

7

capability because they solve a computer-specific problem. FAC at ¶¶ 14-30, 49-70, 90-110, 129-145. This also contradicts a key conclusion in the Judgement. Notably, these allegations quote sworn statements to the patent office, from computer companies like Apple, Microsoft and Defendant Western Digital, which confirm this point was true, *even after* Data Scape's priority dates. *Id*. For example:

- In a patent filed by Western Digital in 2004, it admitted there was still a technical "**need for a system that allows quick and easy communication …**that allows collaborative use of remote devices by multiple users…" U.S. Patent No. 7,546,353 (emphasis added). That was because, even in 2004, it was "not uncommon [] to have separate computing systems [which] requires that the common data all be kept current, i.e., with the latest version of each common file, as it is typical to update and edit files. **This in itself can be an enormously time consuming and tedious**…" *Id*. (emphasis added). And Western Digital even cited Data Scape's patent, which it acknowledged was in the same technical field. *Id*. (available at https://patents.google.com/patent/US7546353B2/en?oq=7%2c546%2c353). FAC at ¶¶ 27, 67, 107, 142.

- Similarly, in a 2005-filed patent application that also cites Data Scape's earlier patents *in the same technical field*, Microsoft made clear that the selective transfer of digital data between two devices was a technical problem one year later. U.S. Patent Application No. 20060288036 (data transfer involved "a number of processes, such as enumeration of content on each device … and efficient metadata retrieval based on user queries. Thus, **user experience could also be enhanced by providing optimization for the**

**transfer enumeration protocol between the two devices**.") (emphasis added) (available at https://patents.google.com/patent/US20060288036?oq=200602880 36). FAC at ¶¶ 28, 68, 108, 143.

- And in 2006, this time in a patent application filed by Apple, Steve Jobs and five Apple computer scientists represented to the USPTO that there was still "**a continuing need for improved techniques to transfer** and synchronize media data on host computers and/or media players." U.S. Patent Application 20080086494 (emphasis added). And Apple, too, cited Data Scape's asserted patents, which, again, were acknowledged to be *in the same technical field*. *Id* (available at https://patents.google.com/patent/US20080086494A1/en?oq=2008 0086494). FAC at ¶¶ 29, 69, 109, 144.

In fact, for similar reasons, the asserted patents were cited over 102 times by later-filed patents. *See* https://patents.google.com/patent/US7720929?oq=7%2c720%2c929#citedBy ('929 patent "cited by" 102 later-filed patents and patent applications). These facts confirm the claims are patent-eligible. *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2358 (2014) (claims that "improve[] an existing technological process" or "solve a technological problem in 'conventional industry practice'" are patent-eligible as a matter of law). At the very least, these allegations and evidence also confirm that the claims are not directed to other ideas "identified by the courts as abstract ideas," that recently have been synthesized into three groups: "(a) mathematical concepts"; "(b) methods of organizing human activity"; or "(c) mental processes." 84 Fed. Reg. 50 (Jan. 7, 2019) (2019 PTO §101 Guidance, citing and surveying post-*Alice* decisions).

**Fourth**, Data Scape's FAC includes intrinsic record and fact-based claim constructions that actually confirm its claimed solutions do not just cover any sort of selective transfer of digital data. FAC at ¶¶ 10, 13-15, 49-51, 90-92, 129-131. Instead, it was more focused—and covers a technical species of selective-transfer techniques that enabled devices to automatically detect and transfer only some select data content files and not others. These constructions include the following ones, which make these points about the key aspects of the claimed advance in the four asserted patents very clear:[1]

- management information: "digital data stored in a program file and configured to enable a controller to electronically locate, extract and/or transfer only select content data without transferring all content data."
- content data: "digital data useable to communicate the content or substance of a digital file, as opposed to its metadata"
- compare/comparing/comparison: "performing an electronic analysis of two sets of digital data stored in different apparatuses to determine the differences between them, if any"
- controller: "a sub-class of computer microprocessors designed to enable the transfer of digital data"
- without regard to the connection: "regardless of whether or not the identified apparatuses are currently connected"
- connected/connected: "electrically communicating via a wired or wireless connection"
- uniquely associate: "provide a one-to-one correlation using programmable code"

---

[1] Data Scape reserves the right to modify these constructions as case progresses, consistent with the practice of meeting and conferring that are typically in any claim construction proceedings.

FAC at ¶ 10. And significantly, these constructions further demonstrate that denying the instant request would lead to reversible error under Federal Circuit patent-eligibility law. For example, under very similar circumstances in *Aatrix Software*, the court held that the district court erred in denying a request for leave to file a second amended complaint as a matter of law. 882 F.3d 1121, 1126-28 (Fed. Cir. 2018) ("We conclude that Aatrix is entitled to file its proposed second amended complaint.") And also relevant here, the court further ruled that there was a "need for claim construction, to be conducted on remand" before the district court determines whether the claims survive the §101 inquiry, even at the pleadings stage. *Id*.

**Fifth**, moving to *Alice* Step 2, the FAC makes clear, that the claims, when considered ordered combinations, are not conventional, routine, or generic. This includes, to name a few, the claimed combinations involving (1) "controller," (2) "editor," and the claimed circuitry to (3) "compare [] management information," or (4) "uniquely associate" with an external hardware apparatus. FAC at ¶¶ 13-30, 49-70, 90-110, 129-145. And the dependent claims include similar questions. Citing some of the same intrinsic record as before, but also quoting additional evidence, the FAC makes clear that the patentee, the USPTO, and third-party technologists in the same technical field *all agreed* on this point, in various respects. *E.g.,* FAC at ¶¶ 27-30, 67-70, 107-110, 142-145. This is critical to correctly analyzing a Rule 12(b)(6) challenge because, under Federal Circuit law, they are fact-intensive. Indeed, the key question of whether a "'combination of elements would have been well-understood, routine, and conventional' to a skilled artisan [] at a particular point in time may require 'weighing evidence,' 'making credibility judgments,' and **addressing 'narrow facts that utterly resist generalizations**." *Berkheimer v. HP, Inc*. 890 F.3d 1369, 1370-71 (Fed. Cir. 2018). (emphasis added). And that is another reason why it is reversible error to deny a motion to amend a complaint to

address these questions—and also error to decide them without an adequate factual record. *Id.*

**Sixth**, additional intrinsic-record and fact-based claim constructions make this Step-2 conclusion even clearer. Notably, these include constructions that contradict other key premises in the Judgment, such as the conclusion that certain structural elements were merely "functional" or "result-oriented"

- <u>detector</u>: "an input and/or output computer interface designed to receive a predetermined digital signal indicating whether one apparatus is externally connected to any other apparatus"
- <u>editor</u>: "a sub-class of computer interface hardware and/or micro controllers designed to enable editing of digital data"
- <u>storage medium</u>: "an identifiable non-volatile computer memory for electronically storing data"
- <u>list</u>: "a digital table, which is stored in a predetermined area in a storage medium and includes an identifier for each stored content data file"

FAC at ¶ 10.

**Seventh**, respectfully, the FAC proves wrong another premise in the Judgment, namely, that there is a single representative claim that covers dozens of claims among distinct patents across wo different patent families. FAC at ¶¶ 17-26, 53-66, 94-106, 133-141. For example, as the FAC points out, claim 5 of the '929 patent is also not generic, routine or conventional. FAC at ¶ 63. That is because it further includes the narrow species of the claimed selective transfer, "wherein said controller is configured to control receiving of identification information of said first apparatus via said communicator and to judge whether said identification information of said first apparatus is predetermined identification information and to allow said transfer of data when said identification information of said first apparatus is predetermined identification information." *Id.* Other claims raise other issues, including claims 3, 6 and 12 of the '537 patent, claims 2, 3, and 14 of the

'581 patent, and claims 4, 6, 8 and 41 of the '893 patent, to name just a few. At the very least, this Court deserves a more developed record to properly analyze these issues. *Aatrix Software*. 882 F.3d at 1126-28.

### 2. Likewise, There Is No Other Cognizable Reason For this Court to Dictate Why Leave to File the FAC Would Be Improper—And Doing So Would Lead To Reversible Error

Beyond "futility," district courts in this Circuit have recognized only a handful of other legally cognizable reasons to deny a motion to amend despite the liberal standards against such an outcome. These include: (a) repeated failure to cure deficiencies by amendments previously allowed; (b) undue delay, bad faith, or dilatory motive; or (c) undue prejudice to the defendant by allowing the amendment. *E.g., Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (reversing district court's denial of motion to amend the third complaint). These exceptions clearly do not apply to this case.

Indeed, under similar circumstances in *Aatrix Software*, the Federal Circuit reversed a district court's refusal of allowing a *second* amended complaint. *Aatrix Software*, 882 F.3d at 1126-28. And beyond the Federal Circuit, various district courts in this district have acknowledged this recent confirmation in the controlling law on this issue. For example, in similar circumstances, but with far fewer factual details that helped plaintiffs position, Judge Koh very recently held that "it believes it may be **reversible error to deny amendments** …" *Voip-Pal.com, Inc.*, Case No. 18-CV-06216-LHK, Dkt. No. 80. Citing *Aatrix Software*, the court in *RingCentral, Inc. v. Dialpad, Inc.*, came to similar conclusions just three months ago. 18-cv-05242-JST at *16.

13

### 3. At The Least, Controlling Law Requires Altering Judgment To Allow One More Round of Briefing And Hearing To Adequately Consider *Whether* Data Scape's FAC Fails

While the FAC shows that Data Scape's asserted patent claims cannot be judged to be patent-ineligible under *Alice*—at least not at the pleadings stage—*Data Scape is not asking* this Court to immediately change its conclusions. Instead, it is only asking for an opportunity to file the FAC and have this Court decide any follow-on challenge on that FAC, with a more develop factual record. Under Federal Circuit law, this would be the correct result. And respectfully, it would be error not to. *Aatrix Software*, 882 F.3d 1121, 1126-28 (Fed. Cir. 2018) ("We conclude that Aatrix is entitled to file its proposed second amended complaint" and there is "a need for claim construction, to be conducted on remand."); *see also Berkheimer,* 890 F.3d at 1370-76 (whether a "combination of elements would have been well-understood, routine, and conventional to a skilled artisan [] **at a particular point in time may require** 'weighing evidence,' 'making credibility judgments,' and addressing 'narrow facts that utterly resist generalizations" at the pleadings stage) (emphasis added); *Lacey v. Maricopa City,* 693 F.3d 896, 926 (9th Cir. 2012) (the Circuit has "adopted a generous standard for granting leave to amend from a dismissal for failure to state a claim, such that a district court **should** grant leave to amend **even if no request to amend the pleading was made**[.]") (emphasis added).

And though immaterial to the error that would result if the instant motion were denied, the prejudice of denying the motion also far outweighs any burden that may result from granting Data Scape one chance to amend its complaint and file the FAC.

### IV. CONCLUSION

For the foregoing reasons, this Court should grant the instant motion and allow Data Scape to file its First Amended Complaint.

|  |  |
|---|---|
| Dated: June 10, 2019 | Respectfully Submitted,<br><br>/s/ Reza Mirzaie<br>RUSS AUGUST & KABAT<br>Marc A. Fenster (CA SBN 181067)<br>Email: mfenster@raklaw.com<br>Reza Mirzaie (CA SBN 246953)<br>Email: rmirzaie@raklaw.com<br>Brian D. Ledahl (CA SBN 186579)<br>Email: bledahl@raklaw.com<br>Paul A. Kroeger (CA SBN 229074)<br>Email: pkroeger@raklaw.com<br>C. Jay Chung (CA SBN 252794)<br>Email: jchung@raklaw.com<br>Philip X. Wang (CA SBN 262239)<br>Email: pwang@raklaw.com<br><br>*Attorneys for Plaintiff Data Scape Limited* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document has been served on June 10, 2019 to all counsel of record via the Court's CM/ECF system.

Dated: June 10, 2019               /s/ Reza Mirzaie